UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00342-MOC-DSC

| | | |
|---|---|---|
| **MAACO FRANCHISING, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LAVIEL AUTO COLLISION, INC.** | ) | |
| **ROBERT BERLINGER,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on initial review of plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#3), as well as Defendants' Motion for Extension of Time (#12) to reply to such motion.

To the extent Rule 65(b), Federal Rules of Civil Procedure, requires immediate ex parte review of a motion seeking a TRO, the court has conducted that review and determined that a TRO will not issue. Applications for issuance of a TRO are procedurally governed by Rule 65(b), Federal Rules of Civil Procedure, which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b). In considering the issuance of TRO, the court has also considered current case law governing the issuance of such relief:

> Prior to the *Winter* [*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)] decision, in the Fourth Circuit, preliminary injunctions and temporary restraining orders were governed by the standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977). In *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342 (4th Cir. August 5, 2009), the Fourth Circuit concluded that the *Blackwelder* test stood in "fatal tension with the Supreme Court's 2008 decision in *Winter*." Id. at 346. In keeping with *Winter*, the Fourth Circuit found that first, a plaintiff must now show that he will "likely succeed on the merits" regardless of whether the balance of hardships weighs in his favor. *Id.* at 346. Also, the likelihood of success on the merits requires more than simply showing that "grave or serious questions are presented." *Id.* at 347. Second, the plaintiff must make a clear showing that he will likely be irreparably harmed absent preliminary relief. *Id.* That the plaintiff's harm might simply outweigh the defendant's harm is no longer sufficient. *Id.* The showing of irreparable injury is mandatory even if the plaintiff has already demonstrated a strong showing on the probability of success on the merits. *Id.* Third, the Court is admonished to give "particular regard" to the "public consequences" of any relief granted. *Id.* Finally, there no longer exists any flexible interplay between the factors, because all four elements of the test must be satisfied. *Id.*

White v. Miller, 2011 WL 1168045, 2 (D.S.C. Mar. 7, 2011).[1]

Reviewing petitioner's TRO motion based on such factors, the court concludes as follows: first, petitioner has not shown irreparable harm. The day before plaintiff filed such motion, this court's learned colleague, the Honorable Graham C. Mullen denied a nearly identical request by plaintiff for injunctive relief, finding that plaintiff had not shown irreparable harm. See Maaco Franchising. LLC v. Ghirimoldi, 3:15cv99 (W.D.N.C. July 28, 2015). With some differences based on the name and location of the defendants, it appears that the motion and supporting brief

---

[1] The court notes that Real Truth About Obama, Inc. v. Federal Election Com'n, 575 F.3d 342 (4th Cir. 2009), was vacated by the Supreme Court in Real Truth About Obama, Inc. v. Federal Election Com'n, ___ U.S. ___, 130 S.Ct. 237 (April 26, 2010) for further consideration in light of Citizens United v. Federal Election Comm'n, 558 U.S___, 130 S.Ct. 876 (2010), which dealt with First Amendment issues and not the standard for considering injunctive relief.

filed in this case are nearly identical and that the difficulties identified by Judge Mullen in Ghirimoldi are also present in this matter, to wit, a lack of initial proof of any irreparable harm to plaintiff's brand despite the passage of a number of years since the alleged breach. The motion will be denied without prejudice as to refiling after issues have joined. In any future motion and brief, counsel should discuss Judge Mullen's decision which, while not binding on the undersigned, is highly persuasive.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#3) is DENIED without prejudice as to refiling after issues have joined. Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion (#12) is DENIED.

Signed: August 14, 2015

Max O. Cogburn Jr.
United States District Judge